COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


THANH TU TRAN
                                    MEMORANDUM OPINION[*]
v.          Record No. 1037-97-4         PER CURIAM
                                    SEPTEMBER 9, 1997
BROWN'S SERVICES, INC. and
 OHIO CASUALTY INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Thomas W. Ullrich, on briefs), for
            appellant.

            (Dawn E. Boyce; Trichilo, Bancroft, McGavin,
            Horvath & Judkins, P.C., on brief), for
            appellees.


        Thanh Tu Tran (claimant) appeals a decision of the Workers'

Compensation Commission (commission) denying him an award of

temporary total disability benefits after November 2, 1994.

Claimant contends that the commission erred in finding that he

(1) was released to return to light-duty work as of November 2,

1994, and (2) failed to prove that he made a good faith effort to

market his residual work capacity after November 2, 1994.

Finding no error, we affirm the commission's decision.

                              I.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant was released to light-duty work and had an obligation to seek work within his restrictions, the commission relied upon the November 2, 1994 "Medical Report for General Relief and Aid to Families with Dependent Children" form completed by Dr. Charles H. Emich, an orthopedic surgeon, who began treating claimant on August 31, 1994.  On the form, Dr. Emich released claimant to light-duty work, with restrictions against lifting over ten pounds and standing or walking for more than one hour per day.  In a contemporaneous medical report, Dr. Emich opined that claimant should be considered for retraining for a sedentary or light-duty job.  Other evidence refuting total disability included Dr. Emich's opinion of March 8, 1995, reiterating his belief that claimant should be considered for retraining in a sedentary occupation.  Also in March 1995, Dr. John A. Bruno examined claimant at employer's request and agreed that claimant was capable of performing light-duty work within certain restrictions.  Finally, the evidence shows that claimant in fact worked in a part-time sedentary job for several months in 1995 and again in 1996 and that he was able to perform that work as long as he could change position periodically during his shift.

The medical records and opinions of Drs. Emich and Bruno,

combined with the evidence of claimant's actual employment, support the commission's decision. Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.

                              II.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).

Although claimant presented evidence of brief periods of part-time work, he provided no evidence to show that he made a good faith effort to find suitable employment within his restrictions. Thus, the commission did not err in concluding that he had not adequately marketed his residual work capacity.

For these reasons, we affirm the commission's decision.

                                        Affirmed.